# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                  **Criminal Action No. 3:96-CR-3
(BAILEY)**

**OSCAR HERNANDEZ**,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR
## REDUCED SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)

Pending before this Court is Defendant's Motion to Modify or Reduce Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c), filed *pro se* (Doc. 118). In his motion, the defendant seeks the benefit of the guideline reduction provided by the amendments to the Sentencing Guidelines promulgated in accordance with the Fair Sentencing Act of 2010. Finding the defendant not entitled to any relief under the amendments to the Sentencing Guidelines, this Court will deny a reduction in sentence.

This is a motion for a reduction in term of imprisonment under 18 U.S.C. § 3582(c)(2), which provides that a "court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent

1

they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."

In considering reductions under § 3582(c)(2), neither the appointment of counsel nor a hearing is required.  *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000).  As noted by the Fourth Circuit in *Legree*, "[a] motion pursuant to § 3582(c) 'is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution.'" 205 F.3d at 730, quoting *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir.), *cert. denied*, 528 U.S. 1023 (1999).  In accord is *United States v. Dunphy*, 551 F.3d 247 (4th Cir.), *cert. denied,* 129 S.Ct. 2401 (2009).  See *Dillon v. United States*, 130 S.Ct. 2683 (2010).

"In determining the amended guideline range, this court will only make changes to the corresponding guideline provision, which is affected by Amendment [706], and all other guideline decisions will remain unaffected." *United States v. Gilliam*, 513 F.Supp.2d 594, 597 (W.D. Va. 2007), citing U.S.S.G. § 1b1.10.

In this case, the sentencing judge found a base offense level of 38, based upon the application of U.S.S.G. § 2D1.5 due to a continuing criminal enterprise, less three levels for acceptance of responsibility, for a total offense level of 35.  With a criminal history category of V, the guidelines provided a sentencing range of 262-327 months.  The Judge sentenced the defendant to a sentence of 262 months.  The defendant appealed to the Fourth Circuit, which affirmed his conviction by unpublished opinion, *United States v. Hernandez*, 1998 WL 209034 (4th Cir. April 29, 2008).

Under the retroactive 2007 crack guideline amendments, the applicable guideline

2

for a continuing criminal enterprise did not change, and the defendant's base offense level remained 38, less three levels for acceptance of responsibility, resulting in a total offense level of 35.  Accordingly, this Court did not reduce the defendant's sentence.

Under the 2011 Sentencing Guidelines, the offense level for a continuing criminal enterprise did not change, but remained at level 38.  Accordingly, this defendant was not "sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  Had the guideline for continuing criminal enterprise not applied, the defendant's guideline base level would have been 36.  Accordingly, it is clear that the defendant's sentence was based upon the continuing criminal enterprise guideline.

In his Motion, the defendant relies upon **United States v. Miller**, 2010 WL 3119768 (D. Minn. August 6, 2010) (unpublished), in which the court reduced a life sentence for a career offender, even though the career offender guideline did not change.

In rejecting the **Miller** decision, the Southern District of Ohio, in **United States v. Starks**, 2012 WL 1142902 (S.D. Ohio April 4, 2012) (unpublished) (Spiegel, J) stated "[a]s to **Miller,** the Court notes that **Miller** is a non-binding case out of Minnesota, where the district court judge granted the defendant's motion for reduction notwithstanding the appellate authority holding that a career offender is ineligible for a § 3582(c) reduction in sentence. **United States v. Miller,** 2010 WL 3119768 (D. Minn. Aug. 6, 2010). Mr. Starks urges the Court to similarly disregard binding authority and find that his sentence was 'based on' the guidelines, and not on the statutory mandatory minimum, thus allowing for a § 3582(c) reduction.  The Court declines to accept Mr. Starks's invitation to act in

contravention of binding authority. This Court is bound by the dictates of the Sixth Circuit and the Supreme Court." 2012 WL 1142902 at *2.

This Court is likewise bound to follow the statutes and the decisions of the Fourth Circuit.

For the reasons stated above, the Defendant's Motion to Modify or Reduce Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c), filed *pro se* **(Doc. 118)** is **DENIED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to the defendant and to all counsel of record herein.

**DATED:** August 24, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE